UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DONALD F. MURRAY,

                               Plaintiff,

          v.

STATE UNIVERSITY OF NEW YORK STATE
UNIVERSITY COLLEGE AT BROCKPORT,
et al.,

                               Defendants.
_____

<u>DECISION & ORDER</u>

22-CV-6306CJS

        Currently pending before the Court is a motion to compel filed by plaintiff Donald F. Murray.  (Docket # 36).  Murray seeks an order compelling defendants to supplement their responses to plaintiff's document demands and to provide a date certain for the deposition of Heidi Macpherson, the President of defendant State University of New York University College at Brockport.  (*Id.*).

        In support of the motion, Murray has submitted the declaration of his attorney, Gerald T. Walsh, Esq., who certifies that he attempted to resolve the discovery disputes with defendants' counsel prior to filing the motion.  (Docket # 36-1 at ¶ 3).  The Court's review of plaintiff's submission, however, demonstrates that the parties have not fully exhausted their obligation to meet and confer in good faith prior to seeking Court intervention to resolve the issues raised by the motion.

        Significantly, defendants first provided written responses to Murray's document demands on June 28, 2024.  (Docket ## 36-1 at ¶ 3; 36-3).  Approximately one month later – and four days prior to the deadline for motions to compel – Walsh sent a deficiency letter to

defendants' attorney Michele Romance Crain, Esq. (Docket ## 36-1 at ¶ 7; 36-4). Crain responded by email later that day advising Walsh that she had just completed a trial and that she would be out of the office on vacation the following week. (Docket # 36-4 at 5). Crain indicated that she would meet with her client upon her return to review the purported deficiencies identified by plaintiff. (*Id.*). Walsh responded that he was "ok" with Crain's proposed plan but that he was cognizant of pending deadlines and would "think about it." (*Id.*). The following Tuesday, apparently without any further discussion between the parties, plaintiff filed the pending motion. (Docket # 36).

        Applicable rules of civil procedure require the parties to confer or attempt to confer in good faith to try to resolve discovery disputes without court intervention before filing a motion to compel. Fed. R. Civ. P. 37(a)(1). On this record, I find that the failure to meet and confer warrants denial of Murray's motion without prejudice to renewal. *See Williams v. City of Rochester*, 2018 WL 739097, *1 (W.D.N.Y. 2018) ("[t]he failure to meet and confer is unacceptable, contravenes the parties' obligations under the Federal Rules of Civil Procedure, and justifies the denial of [plaintiff's] motion").

        Any renewed motion to compel must demonstrate that the parties have fully exhausted their obligation to meet and confer to resolve or narrow disputes before seeking court intervention. Moreover, any renewed motion must identify, with specificity, the precise disputes for which Murray seeks Court resolution. A party may not simply attach the requests, responses, and the parties' meet and confer correspondence and expect the Court on its own to identify any discovery disputes that appear unresolved. Similarly, to the extent the parties are unable to agree upon Macpherson's deposition, any request for intervention must clearly identify the issues, as well as the expected relevance of her testimony. Citations to relevant evidence should be

included.  It is unreasonable to expect the Court to review eighty pages of testimony and guess as to plaintiff's view concerning the relevancy of the requested witness's testimony.  Rather, a properly supported motion should draw the Court's attention to the relevant testimony (by reference to the page and line where the testimony can be found) and explain, in the context of plaintiff's claims, the anticipated relevance of the witness's testimony.

On this record, Murray's motion to compel **(Docket # 36)** is **DENIED without prejudice to renewal**.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                           United States Magistrate Judge

Dated: Rochester, New York
           August 1, 2024