UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DONALD F. MURRAY,

                    Plaintiff,

    v.

STATE UNIVERSITY OF NEW YORK STATE
UNIVERSITY COLLEGE AT BROCKPORT,
ERICK HART, and KATHRYN WILSON,

                Defendants.

_____

**DECISION AND ORDER**

6:22-CV-06306 CJS CDH

## <u>INTRODUCTION</u>

Plaintiff Donald F. Murray ("Plaintiff") has sued defendant the State University of New York State University College at Brockport ("SUNY Brockport") for age discrimination and retaliation pursuant to 42 U.S.C. § 1983 and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, *et seq.* (Dkt. 1).[1]

Presently before the Court is Plaintiff's motion to compel the deposition of SUNY Brockport's president, Heidi Macpherson ("President Macpherson"), and to compel supplemental responses to Plaintiff's discovery demands. (Dkt. 46). For the

---

[1]    Plaintiff has also named as defendants "Erick Hart . . . in his official capacity, as SUNY Brockport's Athletic Director," and "Dr. Kathryn 'Katy' Wilson . . . in her official capacity, as SUNY Brockport's Vice President for Enrollment Management and Student Affairs." (Dkt. 1 at ¶ 6-7). Of course, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" and "is *not* a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (emphasis in original). The Court collectively refers to SUNY Brockport, Erick Hart in his official capacity, and Dr. Kathryn Wilson in her official capacity as "Defendants."

reasons that follow, Plaintiff's motion is granted in part and denied in part. Specifically, the Court denies Plaintiff's request to compel the deposition of President Macpherson but grants Plaintiff's request for supplementation of Defendants' document production.

## BACKGROUND

Plaintiff was "a tenured faculty member and Head Wrestling Coach at SUNY Brockport for fifty years[.]" (Dkt. 1 at ¶ 8; *see also* Dkt. 48-4 at 5 ("[Plaintiff] continued his full-time employment as a Professor of Kinesiology at Brockport and remains employed in that capacity to this day."). Plaintiff claims that as far back as 2013, Erick Hart ("Hart"), SUNY Brockport's Athletic Director, made Plaintiff's "age and retirement an issue," due to an "apparent preference for younger coaches." (Dkt. 1 at ¶¶12-15). According to Plaintiff, "Hart's attacks culminated in both a University and NCAA [National Collegiate Athletic Association] investigation." (*Id.* at ¶ 19). The University investigation purportedly began in September 2020, was "initiated upon pretext," and "resulted in full exoneration of [Plaintiff] and the absence of any University disciplinary action." (*Id.* at ¶¶ 20-21). It involved "allegations related to supposed COVID[-19 guideline] violations[.]" (*Id.* at ¶ 52).

The NCAA investigation was initiated when "the University 'self-reported' [Plaintiff] and the University Wrestling Program to the NCAA." (*Id.* at ¶ 23). SUNY Brockport allegedly thereafter submitted to the NCAA a list of recommended penalties as part of a summary disposition process, resulting in a "de facto

termination" of Plaintiff as Head Wrestling Coach by "removing [him] from coaching for three years." (*Id*. at ¶¶ 24-25; 119-21).

## PROCEDURAL BACKGROUND

This case has been referred to the undersigned for all non-dispositive pre-trial matters. (Dkt. 13; Dkt. 43).

On July 30, 2024, Plaintiff moved to compel supplemental responses to his document demands and to set a date certain for the deposition of President Macpherson. (Dkt. 36). Magistrate Judge Marian W. Payson, to whom the matter was then referred, entered a Decision and Order on August 1, 2024, concluding that the parties had "not fully exhausted their obligation to meet and confer in good faith prior to seeking Court intervention to resolve the issues raised by the motion" and denying the motion without prejudice. (Dkt. 37).

Judge Payson held an informal, telephonic discovery conference on October 9, 2024, at which these issues were discussed. (*See* Dkt. 40). The parties disagree about what was said at this conference. Plaintiff maintains that Judge Payson "recommended that the deposition of Heidi Macpherson should proceed, in conjunction with Interrogatories to pinpoint the scope of the deposition, and extended discovery deadlines to permit the parties to schedule Interrogatories and the Macpherson Deposition." (Dkt. 46-1 at ¶ 5). Defendants contend that Judge Payson "made suggestions regarding how the parties could resolve the matter, including the use of Interrogatories and a possible brief deposition," but "did not render a decision since no motion was before her." (Dkt 48-4 at 6).

Plaintiff served interrogatories directed to President Macpherson on October 29, 2024. (Dkt. 46-1 at ¶ 6). Defendants served responses on February 19, 2025, signed by President Macpherson. (Dkt. 46-4 at 2-9).

On March 13, 2025, Plaintiff's counsel sent the Court a letter detailing the outstanding discovery disputes in this matter. Defense counsel sent a responsive letter. After reviewing these communications, the Court instructed Plaintiff to file a formal motion.

Plaintiff filed the pending motion on March 18, 2025. (Dkt. 46). Defendant filed a response on April 1, 2025 (Dkt. 48), and Plaintiff filed a reply on April 7, 2025 (Dkt. 49).

## DISCUSSION

### I.    Request to Depose President Macpherson

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs to the case[.]" Fed. R. Civ. P. 26(b)(1). "Relevance for discovery purposes is an extremely broad concept which has been construed to encompass any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Mitchell v. Fishbein*, 227 F.R.D. 239, 248 (S.D.N.Y. 2005) (quotation and alteration omitted). "Though the burden of demonstrating relevance is on the party seeking discovery, if a party objects to discovery requests, that party bears the burden of showing why discovery should be denied[.]" *Shiber v. Centerview Partners LLC*, No. 21-CV-3649 (ER), 2023 WL 3071554, at *2 (S.D.N.Y. Apr. 25, 2023) (citation omitted).

"Given the broad scope of discovery in federal civil litigation, 'it is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition.'" *Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P.*, No. 09 CIV 10392 RMB, 2010 WL 5158183, at *3 (S.D.N.Y. Dec. 9, 2010) (quoting *Naftchi v. New York Univ. Med. Ctr.*, 172 F.R.D. 130, 132 (S.D.N.Y. 1997)). "A witness ordinarily cannot escape examination by denying knowledge of any relevant facts, since the party seeking to take the deposition is entitled to test the witness's lack of knowledge." *Id.* (quoting 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2037 (3d ed. 2017)).

However, a different rule applies where a party seeks to depose a "high-ranking government official." *Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013). Such officials "are generally shielded from depositions because they have greater duties and time constraints than other witnesses," and if courts did not impose appropriate limitations, "such officials would spend an inordinate amount of time tending to pending litigation." *Id.* (quotations omitted). Accordingly, "to depose a high-ranking government official, a party must demonstrate exceptional circumstances justifying the deposition—for example, that the official has *unique* first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means." *Id.* (emphasis added).

The *Lederman* standard places a "heavy burden" on the party seeking to depose a high-ranking government official. *Chin v. N.Y.C. Dep't of Correction*, 741 F. Supp.

3d 18, 25 (E.D.N.Y. 2024). Such parties generally must demonstrate that the individual they seek to depose has "unique personal information that is essential to their case or that the information they seek cannot be obtained from a less burdensome source." *Id.* (denying motion to compel where the plaintiff "failed to show why any lingering questions could not be resolved through other discovery mechanisms"); *see also Moriah v. Bank of China Ltd.*, 72 F. Supp. 3d 437, 440 (S.D.N.Y. 2014) ("Plaintiffs cannot demonstrate exceptional circumstances that would allow a deposition of [the subpoenaed government official] because they cannot establish that [the subpoenaed government official] has unique first-hand knowledge related in any manner to this litigation.") (quotation omitted).

Here, Plaintiff does not contest that President Macpherson qualifies as a high-ranking government official and that the *Lederman* standard applies. Plaintiff argues that he has satisfied the *Lederman* standard because President Macpherson was "personally involved" in the actions of which he complains. (Dkt. 46-1 at ¶ 15). More specifically, Plaintiff contends that deposition testimony by "Defendant Erick Hart, Susan Hoffman, Dr. Cathy Houston-Wilson, and Tamara Gouger . . . established that Heidi Macpherson, as SUNY Brockport's President, was directly involved in the September 2020 decision to suspend the SUNY Brockport Wrestling Program, immediately remove Murray from the SUNY Brockport campus, and suspend Murray's teaching and coaching duties in lieu of an alternate off-campus assignment." (*Id.* at ¶ 17). Plaintiff further asserts that any inconvenience to

President Macpherson can be minimized because her "deposition can be conducted virtually and should last about an hour." (*Id*. at ¶ 16).

Defendants argue that Plaintiff has not satisfied the applicable standard, and that mere involvement by President Macpherson in the relevant events is insufficient to warrant her deposition. (Dkt. 48-4 at 17). They have submitted a declaration from President Macpherson in which she states under penalty of perjury that she has "no unique knowledge or information regarding any of the issues surrounding this lawsuit" and "did not personally make the decision to suspend the wrestling team for possible COVID rules violations in September of 2020." (Dkt. 48-2 at ¶¶ 17, 19).

As noted above, "the party seeking to take the deposition[] bears the burden of demonstrating the exceptional circumstances that justify the high-level deposition." *Loc. 2507, Uniformed EMTs, Paramedics & Fire Inspectors v. City of N.Y.*, __ F. Supp. 3d __, No. 22 CIV. 10336 (AT) (GWG), 2025 WL 1719210, at *1 (S.D.N.Y. June 20, 2025) (quotations omitted). The Court finds that Plaintiff has not satisfied that burden here. At best, the evidence cited by Plaintiff creates an issue of fact as to whether President Macpherson was the ultimate decision-maker with respect to the suspension of the wrestling team in September 2020.  But even assuming that was the case, "[t]he fact that [a high-ranking government official] was the ultimate decision-maker regarding the alleged policy is not a sufficiently exceptional circumstance to compel a deposition." *Boggs v. Town of Riverhead*, No. 2:17-CV-05411 ADS SIL, 2020 WL 1929076, at *3 (E.D.N.Y. Apr. 20, 2020); *see also Local 2507*, 2025 WL 1719210, at *2 ("It is also of no moment that the Commissioner was the ultimate

decision-maker responsible for decisions that may be relevant here, such as assigning the Fire Cadets to EMS positions."). The relevant inquiry is whether the necessary information is "readily discernable from other sources." *Local 2507*, 2025 WL 1719210, at *2. Here, the evidence cited by Plaintiff confirms that other SUNY Brockport personnel were involved in the meetings and discussions that led to the suspension of the wrestling team and the report to the NCAA. Plaintiff has not demonstrated that the information he seeks cannot be obtained from these sources, and thus he has not demonstrated exceptional circumstances as required by *Lederman*.

The Court's resolution of this matter is not bound by the informal discovery conference held by Judge Payson in October 2024. Such informal discovery conferences serve as a case management tool whereby the Court may assist the parties in resolving a dispute without the need for formal motion practice. But they are not a substitute for formal motion practice, and Judge Payson did not issue any order or binding ruling as a result of that conference. The purpose of requiring a formal motion is to ensure that the Court has a full and complete record and understanding of all issues before making an authoritative ruling. On the full and complete record, the Court concludes that Plaintiff has not demonstrated that a deposition of President Macpherson is warranted in this matter. Accordingly, his request for an order compelling President Macpherson's deposition is denied.

II.    <u>**Request to Compel Production**</u>

If a party fails to produce documents requested under Rule 34, the party seeking discovery may move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B)(iv). Plaintiff has moved for an order compelling Defendants to produce communications between SUNY Brockport and the NCAA, as well as documents noted in a March 12, 2025 email from Plaintiff's counsel to defense counsel. (Dkt. 46-1 at ¶¶ 22-23). Defendants have not opposed this portion of Plaintiff's motion, but instead stated in their response filed on April 1, 2025, that they were "endeavoring to comply with all demands and seek[ing] additional time to do so, not to exceed thirty days." (Dkt. 48 at ¶ 2).

In light of Defendants' failure to oppose this portion of Plaintiff's motion, the Court grants Plaintiff's request to compel a supplemental production. Within 14 days of entry of this Decision and Order, Defendants shall produce the requested documents.

<u>**CONCLUSION**</u>

For the reasons set forth above, Plaintiff's motion to compel discovery (Dkt. 46) is granted in part and denied in part. Plaintiff's request for an order compelling the deposition of President Macpherson is denied. Plaintiff's request to compel a supplemental document production is granted, and Defendants are ordered to produce the additional documents identified in Plaintiff's motion within 14 days of entry of this Decision and Order.

**SO ORDERED**.

COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: Rochester, New York
        July 8, 2025